**United States District Court**

DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

AYOMIDE MICHAEL AKINULI

Criminal Complaint

CASE NUMBER: 08-*115- M*

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about ___July 2, 2008___ in ___New Castle_____ County, in the District of Delaware, defendant committed the offense of access device fraud, in violation of Title _____18_____ United States Code, Section(s) _1029(a)(3)_.

I further state that I am a United States Postal Inspector and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____
Samuel A. Bracken
United States Postal Inspector

Sworn to before me and subscribed in my presence,

_July 2, 2008_____    at    Wilmington, DE_____
Date                                                          City and State

Honorable Leonard P. Stark
United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

**UNITED STATES DISTRICT COURT**

**DISTRICT OF DELAWARE**

**AFFIDAVIT OF SAMUEL A. BRACKEN**

I, Samuel A. Bracken being duly sworn, depose and state:

1.      I am a United States Postal Inspector assigned to the Wilmington Domicile of the Philadelphia Division of the United States Postal Inspection Service (Inspection Service), and have been so employed since February 2004. I am currently assigned to the Identity/Mail Theft Team in Wilmington, DE. The Identity/Mail Theft Team investigates postal related crimes including the theft of the United States Mail, identity theft, check and credit card fraud.

**EXPERIENCE AND TRAINING**

2.      I have had the following education and training: I received a Bachelor of Arts Degree in Criminal Justice from the University of Delaware in 2002. I have received twelve weeks of federal law enforcement training from the Inspection Service in the areas of mail fraud, mail theft, identity theft, and credit card fraud. I have received training regarding identity theft investigations, including seminars and conferences hosted by the International Association of Financial Crimes Investigators and California Financial Crimes Investigators Association. During my employment as a Postal Inspector, I have participated in investigations involving the theft of mail, identity theft, check fraud, and credit card fraud. I have interviewed witnesses and cooperating individuals regarding mail theft, identity theft, and have read official reports of other officers. I have been a case agent in charge of specific investigations involving theft of mail, identity theft, check fraud, and credit card fraud.

**PURPOSE OF COMPLAINT**

3.    This affidavit is in support of a criminal complaint filed against Ayomide Michael Akinuli.  Because this affidavit is submitted for the limited purpose of supporting a criminal complaint, I have not included each and every fact that I know concerning the investigation.  I have set forth only the facts I believe necessary to establish probable cause that Ayomide Michael Akinuli has committed violations of Title 18, United States Code, Section 1029(a)(3) – Access Device Fraud.

**STATEMENT OF PROBABLE CAUSE**

4.    On July 2, 2008, Delaware State Police Troopers Bond and Brietzke were on patrol on Interstate I-95.  At approximately 10:00 am, Troopers Bond and Brietzke observed a black Chevrolet Tahoe traveling northbound on Interstate I-95 at a speed greater than the posted speed limit of 55 mph.  Troopers Bond and Brietzke could not observe the registration of the vehicle due to a license plate bracket which covered the license plate.

5.    Troopers Bond and Brietzke affected a traffic stop on the vehicle for speeding.  Upon stopping the vehicle, the troopers observed the license plate of the vehicle bearing North Carolina plate #XWR-5116.  A check of the registration revealed the car was registered to Kenoll Lawrence Ballantyne, 607 N. Roxboro Street, Durham, NC 27701.

6.    Trooper Brietzke made contact with the driver of the vehicle, identified as Glenwyn Ogarro.  Also in the vehicle, sitting in the front passenger seat, was Ayomide Michael Akinuli.

7.    Ogarro could not produce a driver's license and was unable to produce proof of insurance for the vehicle.  Trooper Brietzke conducted a check through NCIC, and the check revealed Ogarro did not possess a valid driver's license.

2

8.    Trooper Brietzke detected the odor of burnt marijuana coming from inside the vehicle as well as from Ogarro.  Ogarro admitted to Trooper Brietzke that he and Akinuli had smoked a marijuana blunt in the vehicle while traveling northbound on Interstate I-95.

9.    Trooper Brietzke and Bond then conducted a search of the vehicle.  They discovered a sandwich sized plastic zip lock bag containing two smaller plastic zip lock bags which both contained a green leafy substance.  The bags were located inside the glove box.  The search also revealed a poker chip marijuana crusher in the center console which appeared to contain residue of a green leafy substance.  The green leafy substance field tested positive for marijuana.

10.   Trooper Brietzke and Bond also discovered a black plastic bag located on the floor in the front passenger seat area.  The bag contained four pieces of US Mail in the name of Eduardo Agnese, 822 Aldine Street, St. Paul, MN 55104. Also found in the back seat of the vehicle on the floor behind the front passenger seat was a laptop computer bag.  A search of the bag revealed approximately $4,880.00 in US currency, a laptop computer, and evidence of identity theft to include the following:

- A handwritten notebook containing personal profiles.  Included in the profiles were various account numbers and associated names, dates of birth, social security numbers, addresses, telephone numbers, email addresses, and driver's license numbers of approximately 35 individuals including, as discussed below, D.V., J.A., J.S., M.D., and G. F.

- Citi Platinum MasterCard #xxxx-xxxx-xxxx-1010 in the name of D.G.

3

- Washington Mutual MasterCard #xxxx-xxxx-xxxx-9097 in the name of J.A.
- Bank of America Visa card #xxxx-xxxx-xxxx-0090 in the name of T. C.
- Washington Mutual MasterCard #xxxx-xxxx-xxxx-1012 in the name of M.D.
- Washington Mutual MasterCard #xxxx-xxxx-xxxx-6016 in the name of G.F.
- Bank of America Visa card #xxxx-xxxx-xxxx-4386 in the name of J.S.
- Numerous checks from the Washington Mutual bank account of M. D. bearing account #xxxxx-65843
- Check book from the Washington Mutual bank account of D.V. bearing account #xxxxx-82834
- Check book from the Washington Mutual bank account of G. F. bearing account #xxxxx-97056
- Numerous pieces of US Mail that appear to be financial documents addressed to various individuals but not Ogarro or Akinuli
- Notice of Impending Default Judgment addressed to Michael O. Akinuli, 11029 Lake Arbor Way, Bowie, MD 20721
- Notice of Outstanding Parking Violation addressed to Michael O. Akinuli, 11029 Lake Arbor Way, Bowie, MD 20721
- New York State Department of Motor Vehicles traffic ticket #AAG6419280 in the name of Ayomide M. Akinuli, 11029 Lake Arbor Way, Bowie, MD 20721

- New York State Department of Motor Vehicles traffic ticket #AAG6419291 in the name of Ayomide M. Akinuli, 11029 Lake Arbor Way, Bowie, MD 20721

- Photocopy of State of Maryland driver's license #A254603661055 for Michael Omopariole Akinuli, 129 Lake Arbor Way, Bowie, MD 20721

According to Troopers Brietzke and Bond, Akinuli was asked what was in the computer bag and he responded that the laptop in the bag was his but he was transporting the other contents in the computer bag to an unknown individual in New York whose identity he did not know.

11. Ogarro and Akinuli were arrested and transported to Delaware State Police Troop 2. During a search incident to arrest, $1460.00 in U.S. currency was found in Akinuli's pocket, as were two cellular telephones and a wallet which contained the following items:

- Receipt dated May 10, 2008, in the amount of $5,700.00 for a purchase made at Giorgios in Elmhurst, New York, paid for with credit card #xxxx-xxxx-xxxx-6000 in the name of M.D.

- A piece of paper containing a Bank of America account number, username, and password

- Several other pieces of paper which appear to contain various account and social security numbers

12. The Delaware State Police contacted the U.S. Secret Service and the Inspection Service regarding the discovery of the evidence of identity theft. Special Agent (S/A) Armstrong, Inspector Hedrick and I responded the DSP Troop 2 for further investigation.

13.    S/A Armstrong, Trooper Bond, and I interviewed Akinuli regarding the evidence of identity theft located inside the vehicle. Prior to any questioning Akinuli was informed of his rights per USSS form 1737B, Warning and Waiver of Rights. Akinuli agreed to speak with agents and signed USSS form 1737B.

14.    Akinuli stated he and Ogarro had driven to Maryland on the evening of July 1, 2008, from New York. He said he needed to retrieve $1500.00 in US currency from his mother in Maryland and transport it to his sister in New York. During his time in Maryland, Akinuli was approached by Bimpe Olejiya regarding the transport of a computer and computer bag to New York. Olejiya told Akinuli he would only have to carry the bag to New York and instructed Akinuli to call him when he got there. Akinuli stated Olejiya was going to have him meet with an unknown individual to hand over the computer and computer bag. Akinuli stated he did not know what was in the bag and that he had only put a few personal affects in the bag including some traffic tickets and photocopies of his father's driver's license.

15.    Akinuli stated he has not held a job since the spring of 2007. He said he only has a bank account with Chevy Chase Bank. Akinuli denied knowing there was any US currency in the bag. He stated he did not know what else was in the computer bag besides the items he had put in.

16.    Akinuli was shown the US Mail addressed to Eduardo Agnese, 822 Aldine Street, St. Paul, MN 55104, that was recovered from a black plastic bag located on the floor in the front passenger seat area. Akinuli stated he did not know Agnese nor did he know anyone at the St. Paul, MN address.

17.    Akinuli provided a writing sample of his name as well as the names of those individuals located in the notebook found inside the computer bag. The

6

notebook contained numerous hand written profiles of individuals. These profiles contained the following information: name, social security number, dates of birth, address, phone number, email address, and bank account number. As he was writing the names of the individuals whose information was in the notebook, he stated he did not know them. S/A Armstrong and I compared Akinuli's hand writing to that of the notebook, and we concluded that the handwriting appeared to be similar.

18.    Akinuli was confronted with the notebook in his handwriting. He recanted his story and stated he knew what was in the computer bag. He stated the notebook was his and he had handwritten all the profiles from an email he received from his friend in Africa, Dejo Aololadele. Akinuli stated Aololadele had emailed him all the personal information of the individuals found in the notebook. Akinuli explained how he then wrote down the information from the email into the notebook and provided it to Olejiya to copy. Akinuli was supposed to wire approximately $200.00 to Aololadele for the information.

19.    Akinula also recanted his prior statement regarding his knowledge of the US currency in the computer bag. He stated he knew the US currency was in the bag and he was carrying the US currency for Olejiya to the unknown individual in New York. Akinula stated Olejiya is involved in identity theft and credit card fraud. Akinula indicated he has used credit cards given to him by Olejiya to purchase electronics such as computers and televisions. He stated after purchasing items with the credit cards he would give Olejiya the merchandise purchased and he would receive payment from Olejiya. Akinula stated he has received up to approximately $1,200.00 in US currency from Olejiya for purchases he made.

20.    Akinula repeatedly stated the computer in the bag was not his and it was Olejiya's. At first he stated there would be no evidence that he used the computer. He then recanted and stated he had used the computer to check his email before and he viewed the email he received from Aololadele regarding the personal information of the individuals found in the notebook.

21.    Akinula stated he was going to use the credit cards found in the bag to purchase items in New York for Olejiya. He said he was going to purchase laptop computers and cameras. After purchasing the items, Akinula stated he was supposed to give them to the unknown individual in New York who was supposed to receive the money and computer bag. Akinula indicated Olejiya has numerous individuals involved in identity theft and credit card fraud.

**CONCLUSION**

22.    Based on the information contained in this affidavit, I believe probable cause exists that in the District of Delaware, Ayomide Michael Akinuli violated Title 18, United States Code, Section 1029(a)(3) – Access Device Fraud.

Samuel A. Bracken
U.S. Postal Inspector

Subscribed and sworn to me this 3rd day of July, 2008.

Honorable Leonard P. Stark
U.S. Magistrate Judge